# UNITED STATES DISTRICT COURT

Northern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| Michael T. Mann | Case Number: DNYN 1:20CR00199-001 |
| | USM Number: 26368-052 |
| | Michael L. Koenig, 30 South Pearl Street, Suite 901 Albany, NY 12207, 518-396-3100 |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1,2,3,4,5,6,7,8,9,10,11, & 12   of the Information on August 12, 2020.
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ was found guilty on count(s) of the  on  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349 & 1343 | Conspiracy to Commit Wire Fraud | 09/30/2019 | 1 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 08/15/2018 | 2 |
| 18 U.S.C. § 1344 | Bank Fraud | 03/06/2017 | 3 |
| 18 U.S.C. § 1344 | Bank Fraud | 12/12/2017 | 4 |
| 18 U.S.C. § 1344 | Bank Fraud | 10/31/2018 | 5 |
| 18 U.S.C. § 1344 | Bank Fraud | 11/30/2018 | 6 |
| 18 U.S.C. § 1344 | Bank Fraud | 03/31/2019 | 7 |
| 18 U.S.C. § 1344 | Bank Fraud | 04/30/2019 | 8 |
| 18 U.S.C. § 1344 | Bank Fraud | 07/31/2019 | 9 |
| 18 U.S.C. § 1344 | Bank Fraud | 05/22/2018 | 10 |
| 18 U.S.C. § 1344 | Bank Fraud | 05/22/2019 | 11 |
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | 10/05/2018 | 12 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 4, 2021
Date of Imposition of Judgment

Lawrence E. Kahn
Senior U.S. District Judge

August 12, 2021
Date

DEFENDANT:     Michael T. Mann
CASE NUMBER:   DNYN 1:20CR00199-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**120 months on Count 1, 24 months on Count 2, 120 months on Count 3, 120 months on Count 4, 120 months on Count 5, 120 months on Count 6, 120 months on Count 7, 120 months on Count 8, 120 months on Count 9, 120 months on Count 10, 120 months on Count 11, and 36 months on Count 12.**

**The sentences on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 are to run concurrent to each other and the sentence on Count 2 is to run consecutively to Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, for a total term of imprisonment of 144 months.**

☒ The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to a facility as close to North Carolina as possible, with consideration for placement at FCI Butner.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at   ☐ a.m.   ☐ p.m. on.

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☒ before 2 p.m. on September 21, 2021.

  ☒ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

**I have executed this judgment as follows:**



Defendant delivered on _____ to _____

at _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
BY DEPUTY UNITED STATES MARSHAL

DEFENDANT: Michael T. Mann
CASE NUMBER: DNYN 1:20CR00199-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
**3 years on Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, and 11, 1 year on Count 2, and 1 year on Count 12, counts to run concurrently for a total term of supervised release of 3 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. § § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(deselect if inapplicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: Michael T. Mann
CASE NUMBER: DNYN 1:20CR00199-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

14. You must provide the probation officer with access to any requested financial information.

15. You must submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

AO 245B  NNY (Rev. 09/19) Judgment in a Criminal Case
    Sheet 3D – Supervised Release

Judgment – Page **5** of **8**

DEFENDANT:     Michael T. Mann
CASE NUMBER:   DNYN 1:20CR00199-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You must apply all monies you receive from any income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

2. You must pay all taxes, penalties, and interest due the Internal Revenue Service, and you shall provide financial information to the Internal Revenue Service as requested.

3. You must not communicate, or otherwise interact, with Luke E. Steiner, either directly or through someone, without first obtaining the permission of the probation officer.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me.  I fully understand the conditions and have been provided a copy of them.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

_____          _____
Defendant                                                            Date


_____          _____
U.S. Probation Officer/Designated Witness                    Date

AO 245B  NNY (Rev. 09/19) Judgment in a Criminal Case
    Sheet 5 – Criminal Monetary Penalties

Judgment – Page **6** of **8**

DEFENDANT:    Michael T. Mann
CASE NUMBER:   DNYN 1:20CR00199-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **AVAA Assessment**** | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $ 1,200 | $ 0 | $ 0 | $ 0 | $ 101,038,793.31 |

☐  The determination of restitution is deferred until.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Millennium Funding | $ | $ 3,062,515.23 | |
| P2B Investor | $ | $ 10,665,542.08 | |
| Axos Bank | $ | $ 4,131,699.27 | |
| Pioneer Bank | $ | $ a share of $35,839,912.81 | |
| Berkshire Bank | $ | $ a share of $35,839,912.81 | |
| Chemung Canal Trust Company d/b/a Capital Bank | $ | $ a share of $35,839,912.81 | |
| Bank of America, N.A. | $ | $ 850,545.00 | |
| Cachet Financial Services | $ | $ 25,658,964.99 | |
| Others to be determined | $ | $ 20,829,613.93 | |
| **Totals** | $ | $ 101,038,793.31 | |

☒  Restitution amount ordered pursuant to plea agreement   $ 101,038,793.31

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the   ☐ fine   ☒ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:


*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  NNY (Rev. 09/19) Judgment in a Criminal Case
    Sheet 6 – Schedule of Payments

Judgment – Page **7** of **8**

DEFENDANT:        Michael T. Mann
CASE NUMBER:   DNYN 1:20CR00199-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  In full immediately; or

B  ☐  Lump sum payment of $ due immediately; balance due

  ☐  not later than, or

  ☐  in accordance with     ☐ D,     ☐ E,     ☐ F,     or  ☐ G below; or

C  ☒  Payment to begin immediately (may be combined with     ☐ D,     ☐ E, or     ☒ G below); or

D  ☐  Payment in equal installments of $ over a period of, to commence after the date of this judgment; or

E  ☐  Payment in equal installments of $ over a period of, to commence after release from imprisonment to a term of supervision; or

F  ☐  Payment during the term of supervised release will commence within after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

G  ☒  Special instructions regarding the payment of criminal monetary penalties:

  The special assessment is due immediately. Restitution is due immediately, with any remaining restitution payable at a minimal rate of 25% of your gross income while incarcerated and a minimal rate of $100 per month or 10% of your gross income, whichever is greater, upon your release from imprisonment. If at any time you have the resources to pay full restitution, you shall do so immediately. Payment of criminal monetary penalties is due during imprisonment. At this time, the Court understands the restitution payees have not been fully identified by the parties, and, as such, the determination of payees to whom restitution shall be distributed is deferred for 90 days. The government shall file a request with the Court if additional time is needed beyond the 90 day period to fully identify the restitution payees. Upon full identification of the restitution payees, the government shall file a memorandum and proposed order with the Court, and restitution will thereafter be ordered. An amended judgment will be entered after such determination. Upon identification of payees, restitution shall be distributed.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Clerk, U.S. District Court, Federal Bldg., 100 S. Clinton Street, P.O. Box 7367, Syracuse, N.Y. 13261-7367,** or to pay electronically, visit www.nynd.uscourts.gov for instructions, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  ☐  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  ☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

AO 245B   NNY (Rev. 09/19) Judgment in a Criminal Case
        Sheet 6 – Schedule of Payments

Judgment – Page **8** of **8**

DEFENDANT:     Michael T. Mann
CASE NUMBER:   DNYN 1:20CR00199-001

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:

   The property outlined in the Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.