IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. MANN,<br><br>Defendant.<br><br>―――――――――――――――――<br><br>CACHET FINANCIAL SERVICES,<br>PIONEER BANK,<br><br>Third-Party Petitioners. | Criminal No.  1:20-CR-199 (LEK) (DJS) |

**<u>Application for an Order Permitting Disclosure Pursuant to Rule 6(e)(3)(E)(i)</u>**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby applies to the Court for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing it to disclose matters occurring before the grand jury "preliminarily to or in connection with a judicial proceeding." Specifically, the government seeks a Court order authorizing it to disclose to Third Party Petitioners Cachet Financial Services and Pioneer Bank ("TPPs"), through counsel, matters occurring before the federal grand jury to the extent necessary for the government to comply with its discovery obligations under Fed. Crim. R. 32.2(c)(1)(B) and the Court's Discovery Order dated May 23, 2024 (dkt. no. 171).  The government further requests that the Court's disclosure order prohibit the TPPs and their counsel from making use of any grand jury matters disclosed to them for a purpose other than to litigate their claims in the above-captioned matter.

1

A. Governing Authority

Rule 6(e)(2)(B)(vi) of the Federal Rules of Criminal Procedure prohibits an attorney for the government from disclosing "a matter occurring before the grand jury." Despite this general prohibition, Fed R. Crim. P. 6(e)(3)(E)(i) provides that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter . . . (i) preliminarily to or in connection with a judicial proceeding . . . ." A district court may order disclosure of grand jury matters under this rule upon a showing of "particularized need." *See, e.g., United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 442-44 (1983) (discussing predecessor subsection Rule 6(e)(3)(C)(i)). This requires that a court determine that the need for disclosure "outweighs the public interest in secrecy." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979).

Documents do not become matters occurring before the grand jury merely because they have been subpoenaed by a grand jury. *See DiLeo v. Comm'r of Internal Revenue*, 959 F.2d 16, 19-20 (2d Cir. 1992) (taxpayers' bank records were not matters occurring before the grand jury because such records were sought for their own sake and not to learn what took place before the grand jury); *United States v. Weinstein*, 511 F.2d 622, 627 n.5 (2d Cir. 1975) ("[I]t is questionable whether Rule 6(e) applies to documents marked as exhibits before the Grand Jury").

For example, in *United States v. Interstate Dress Carriers, Inc.*, the Second Circuit affirmed a district court decision permitting the Interstate Commerce Commission to review financial records held by an active federal grand jury. 280 F.2d 52 (2d Cir. 1960). The court rejected the contention that disclosure would violate the limitations of Rule 6(e)(2):

> [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, when testimony or data is sought for its own sake – for its intrinsic value in the furtherance of a lawful investigation – rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information

was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury. . . .

[The petitioners] wish only to inspect and copy the records, which happen to be in the control of the grand jury, for their own lawfully authorized investigation. *No question of the 'disclosure of matters occurring before the grand jury' is therefore involved and Rule 6(e) does not prohibit the examination*.

*Interstate Dress Carriers*, *Inc.,* 280 F.2d at 54 (emphasis added; citations omitted). Other circuits have reached a similar conclusion.[1]

Disclosure of documents subpoenaed by a grand jury may implicate the secrecy requirement in Rule 6(e) if "disclosure would 'tend to reveal some secret aspect of the grand jury's investigation' such matters as 'the identities of witnesses or jurors, ... the strategy or direction of the investigation.'" *John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 109 (2d Cir. 1988) (quoting *Senate of Commonwealth of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582 (D.C.Cir.1987)), *rev'd on other grounds*, 493 U.S. 146 (1989); *Gryberg v. United States Dep't of Justice*, 302 F. Supp. 3d 532, 538 (S.D.N.Y. 2018) ("Rule 6(e) 'encompasses documents subpoenaed as exhibits as well as potential documentary exhibits, which if turned over, would reveal the direction and strategy of an investigation'") (quoting *Germosen v. Cox*,

---

[1] *See*, *e.g.*, *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) ("[O]nly documents that reveal some secret aspect of the grand jury investigation should be subject to the restrictions of rule 6(e)"); *Anaya v. United States*, 815 F.2d 1373, 1379 (10th Cir. 1987) ("When documents or other material will not reveal what actually has transpired before a grand jury, their disclosure is not an invasion of the protective secrecy of its proceedings . . . ."); *Senate of the Commonwealth of Puerto Rico ex rel. Judiciary Comm*. v. *U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987), *quoting SEC v*. *Dresser Indus.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)) (declining to embrace "a reading of Rule 6(e) so literal as to draw 'a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury'.")*; In the Matter of Special March 1981 Grand Jury, Appeal of Almond Pharmacy, Inc.*, 753 F.2d 575, 578 (7th Cir. 1985) ("If a document is sought for its own sake rather than to learn what took place before the grand jury, and if its release will not seriously compromise the secrecy of the grand jury's deliberations, Rule 6(e) does not forbid its release."); *In re: Grand Jury Investigation, Appeal of New Jersey State Comm'n of Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980) ("[T]he mere fact that a particular document is reviewed by a grand jury does not convert it into a 'matter occurring before the grand jury' within the meaning of 6(e). Documents such as . . . business records . . . are created for purposes independent of grand jury investigations . . . .").

No. 98 Civ. 1294 (BSJ), 1999 WL 1021559, at *13 (S.D.N.Y. Nov. 9, 1999)).

**B. Argument**

Preliminarily, the government notes that the below-described materials – e.g. bank and financial records – were created before the grand jury subpoenaed them and for reasons independent of the grand jury's investigation. These documents do not reveal the nature of the grand jury's now-terminated investigation or grand jury strategy. As such, it is unlikely that any of the materials that are the subject of the government's petition qualify as "a matter occurring before the grand jury," as that phrase appears in Fed. R. Crim. P. 6(e)(2)(B), or that the grand jury secrecy requirement described in that subsection applies to them. Nonetheless, in an abundance of caution, the government petitions the court for authorization to disclose these materials.

Here, there is a particularized need for the government to disclose bank and financial records, and related materials, that it received from third parties, because these records and materials may be relevant to the claims asserted by the TPPs to certain property forfeited by the defendant in this matter. To the extent that the government has an obligation to disclose to the TPPs these records and materials as part of discovery conducted pursuant to Fed. Crim. R. 32.2(c)(1)(B) and the Court's Discovery Order, these legal obligations establish the requisite particularized need.[2]

The government also requests that the Court exercise its authority under Fed. R. Crim. P. 6(e)(3)(E), which empowers the Court to condition the disclosure of grand jury matters to "a time, in a manner, and subject to any other conditions that it directs," to issue an order permitting the defendants to use any disclosed or produced grand jury matters only for the purpose of litigating

---

[2] By making this request, the government does not concede that any particular grand jury matter falls within the government's disclosure obligations and does not suggest that Rule 6 itself creates government disclosure or production obligations. Rather, it requests authorization for disclosure/production under Rule 6(e) in the event that it determines that it has an obligation rooted in some other [statutory] provision to disclose or produce a grand jury matter.

4

their third-party claims pursuant to 18 U.S.C. § 853(n) and prohibiting any other use or dissemination of any grand jury matters disclosed or produced to them for reasons beyond the scope of the litigation of their third-party claims in this matter.

**C. Conclusion**

For the reasons stated above, the government respectfully requests that this Court issue an order authorizing the government to disclose the above-described materials to Pioneer Bank and Cachet Financial Services pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). The government is filing a proposed order for the Court to consider.

Date: May 24, 2024

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By: /s/ Michael Barnett
Michael Barnett
Elizabeth Conger
Christopher Moran
Assistant United States Attorneys
Bar Roll Nos. 519140, 520872, 700767