**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

                                  1:20-CR-0199
      v.                                  (LEK/DJS)

MICHAEL T. MANN,

                Defendant,

PIONEER BANK and CACHET
FINANCIAL SERVICES,

                Third-Party Claimants.

**APPEARANCES:**                        **OF COUNSEL:**

OFFICE OF THE UNITED STATES        MICHAEL BARNETT, ESQ.
ATTORNEY                                ELIZABETH A. CONGER, ESQ.
445 Broadway, Room 218
James T. Foley Courthouse
Albany, New York 12207

LOEB & LOEB LLP                      JAY K. MUSOFF, ESQ.
*Attorney for Cachet Financial Services*    MATTHEW ANDERSON, ESQ.
345 Park Avenue
New York, New York 10154

DLA PIPER LLP                        ROBERT J. ALESSI, ESQ.
*Attorney for Pioneer Bank*             AARON SHADDY, ESQ.
677 Broadway - Suite 1205
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **MEMORANDUM-DECISION and ORDER**

### I. INTRODUCTION

Presently pending is Third-Party Claimant Pioneer Bank's Motion to Amend its Petition under 21 U.S.C. § 853 to challenge the Government's forfeiture of funds related to the conviction of Michael Mann. Dkt. No. 192. This Motion comes before the Court more than three and one half years after Pioneer initially filed a claim under section 853, Dkt. No. 54, and seven months after a portion of Pioneer's Petition was dismissed by Senior United States District Court Judge Lawrence E. Kahn. The Government opposes the request to amend. Dkt. No. 195, Gov't Mem. of Law. For the reasons that follow, the Court denied Pioneer Bank's Motion.

### II. LEGAL STANDARD

Forfeiture proceedings pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(2) are governed procedurally by 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure. *United States v. Daugerdas*, 892 F.3d 545, 548 (2d Cir. 2018) (citing 18 U.S.C. 982(b)(1) and 28 U.S.C. 2461(c)). However, "a § 853(n) proceeding carries many of the hallmarks of a civil proceeding." *United States v. Bradley*, 882 F.3d 390, 393 (2d Cir. 2018) (internal quotation omitted). Criminal Rule 32.2(c) specifically contemplates the application of the Federal Rules of Civil Procedure to forfeiture proceedings. Given this, the Court agrees with the parties that the standard under Federal Rule of Civil Procedure 15 governs this application. *See* Dkt. No. 192-1, Pioneer Mem. of Law at p.9; Gov't Mem. of Law at pp. 7-8 (relying on Rule 15 to set the legal standard).

"Although FED. R. CIV. P. 15(a) provides that leave to amend a complaint shall be freely given when justice so requires, it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) ("whether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court."). Denial of leave to amend is appropriate in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). "The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990).

### III. DISCUSSION

#### A. Procedural History Regarding Pioneer's Claim

The historical facts underlying the criminal proceedings against Michael Mann that gave rise to the present forfeiture proceedings were discussed at length in the undersigned's October 14, 2022, Report-Recommendation and Order and will not be repeated here. *See* Dkt. No. 132, Report-Recommendation at pp. 2-5.

On May 14, 2021, Pioneer Bank submitted a Verified Petition requesting a hearing to adjudicate its interest in all three Bank of America accounts, as well as the 30,000

common shares of Pioneer Bancorp, Inc. stock. Dkt. No. 54. The Petition contained two claims. The claims relied on two separate theories of entitlement to the forfeited assets. The first claim was specifically asserted against all the funds in the three Bank of America accounts subject to forfeiture. Pioneer alleges that it was a bona fide purchaser for value of a security interest in those accounts pursuant to N.Y. U.C.C. § 4-208. Dkt. No. 54, Pioneer Pet. at p. 3. Pioneer's second claim was asserted against three Bank of America deposit accounts, as well as 30,000 shares of Pioneer stock subject to forfeiture. Pioneer Pet. at p. 10. Pioneer's claim of entitlement on this basis was predicated on a 2019 Loan and Security agreement it entered with the Mann-associated ValueWise entities. *Id.* at ¶ 29. In exchange for extending a $42 million line of credit to the Borrowers, Pioneer took a security interest in a broad variety of collateral, including deposit accounts and general intangibles. *Id.* at ¶ 36. As a result, Pioneer claimed that it purchased an interest in all the assets subject to forfeiture, as a bona fide purchaser. *Id.* at ¶ 28.

The Government moved to dismiss the Petition of Pioneer Bank. Dkt. No. 65. Matters related to Pioneer's Petition were referred to this Court for consideration. Dkt. No. 56 & 86. On October 14, 2022, the Report-Recommendation was issued recommending that though apparently weak, Pioneer's first claim passed the minimal threshold necessary to survive and should proceed to a hearing, but that Pioneer's second claim be dismissed. Report-Recommendation at p. 32. Judge Kahn affirmed the conclusions of the Report-Recommendation, though for different reasons. *See* Dkt. No.

157, MDO at p. 2. Pioneer now moves to amend to add a new first claim[1] and to reinstate portions of the second cause of action. Dkt. No. 192-3.

## B. Merits of the Motion

### *1. Pioneer's First Claim*

The Motion seeks to amend the Petition by inserting a new first claim. Pioneer's proposed first claim asserts an interest in property subject to forfeiture based on 2009 and 2014 loan and security agreements. Dkt. No. 192-3 at pp. 4-6. The Government opposes this amendment on three grounds, arguing it should be denied because of undue delay in bringing this new claim to the Court, Gov't Mem. of Law at pp. 9-10, that it was brought in bad faith, *id.* at pp. 11-12, and that it is futile. *Id.* at pp. 12-16. The Court finds that leave to amend should be denied given the unexplained delay in bringing forward a claim of which Pioneer clearly should have been on notice since the inception of this proceeding.

Pioneer's proposal would introduce legal and factual arguments into this case involving agreements entered into a decade earlier than previously alleged. While claims regarding agreements from different years invariably present different factual, and perhaps legal, issues the basic legal theory under section 853 is the same for all three agreements. *See* Pioneer Mem. of Law at p. 13 ("the focus of the inquiry . . . remains the same."). No explanation has been proffered as to why these claims were not brought forth earlier. Pioneer concedes that the existence of the 2009 and 2014 agreements has long

---

[1] It has represented to the Court that it intends to withdraw the original first claim that survived the Motion to Dismiss. Dkt. No. 209, Tr. at pp. 6 & 31.

- 5 -

been known to it. Tr. at p. 15 (noting Pioneer had agreements for "many years before filing our petition."). When asked at oral argument about why this theory had not been advanced earlier, counsel for Pioneer was unable to provide an explanation. *Id.* This weighs heavily against permitting amendment. *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 304 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465 (2d Cir. 1997). Denial of leave to amend under these circumstances is proper "because the facts underlying its new theory were clearly available to it when it filed its initial claim." *United States v. Cardroom Int'l, LLC*, 726 F. App'x 98, 100 (2d Cir. 2018). That delay is also prejudicial inasmuch as "[p]rejudice may result where the amendment seeks to add a new claim, derived from a different set of facts of which the original complaint did not provide adequate notice." *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

Leave to amend or supplement is properly denied "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal citation omitted); *see also Mitchell v. Cuomo*, 2019 WL 1397195, at *3 ("Furthermore, denial of the motion to amend to add the First Amendment claims was proper because the addition of the claims would not promote the economic and speedy disposition of the controversy between the parties as framed in the operative pleading."). The Court made it very clear from the outset of discovery in this case that it intended to proceed expeditiously. Dkt. No. 172 at p. 22. Pioneer's failure to raise this proposed claim, which clearly would involve entirely new issues for discovery, until six months after that admonition

constitutes undue delay. "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* at 47 (quoting *Advocat v. Nexus Indus. Inc.,* 497 F.Supp. 328, 331 (D.Del.1980)); *Phaneuf v. Tenneco, Inc.,* 938 F.Supp. 112, 115 (N.D.N.Y. 1996).

The delay incurred by reason of permitting this amendment would be clear. First, it seems likely that given the nature of the proposed second claim the Government would again seek to dismiss any amended petition. Any portion of that petition that then survived would then likely involve significant discovery, including on claims that have not yet been a part of this case. *See* Tr. at p. 23. The time involved in all of that would have been unnecessary had Pioneer brought all of its claims at the outset of this proceeding.

As noted above, "[t]he court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d at 72. Given the unique facts presented here, the delay in seeking amendment, the significant delay that will result in amendment is permitted, and the lack of explanation for the delay "[t]he Court concludes this would fail to promote the efficient and speedy disposition of the original controversy between the parties and would further contribute to the delay in resolving the instant case." *Judge v. New York City Police Dep't*, 2008 WL 5148737, at *2 (S.D.N.Y. Dec. 8, 2008).

*2. Pioneer's Second Claim*

The other claim Pioneer seeks to pursue in its Amended Petition relates to Pioneer's original claim to an interest in Bank of America accounts as a bona fide purchaser. This is the same as the second claim in Pioneer's original Petition. Pioneer Mem. of Law at p. 16. That second claim, however, was previously dismissed. The Report-Recommendation specifically recommended "that the Government's Motion to Dismiss claim 2 be granted." Report-Recommendation at p. 32. Pioneer objected to that recommendation. Dkt. No. 135. Judge Kahn, having considered the objections held that "the Court affirms Judge Stewart's conclusions, but based on different reasoning." MDO at p. 24. The result of that Decision was, as Pioneer has acknowledged, the dismissal of claim 2 leaving Pioneer to prosecute only its first claim. *See* Dkt. No. 172 at p. 12 (Pioneer's counsel noting that counsel for the Government "correctly rehearses Judge Kahn's decision about knocking out one of our claims."). Pioneer now offers several grounds for reinjecting that claim into this action. None are persuasive.

In Pioneer's view, the rationale behind Judge Kahn's opinion is inconsistent with his ultimate conclusion. Pioneer Mem. of Law at pp. 16-18. The Court is not inclined to dissect Judge Kahn's prior opinion in the manner proposed by Pioneer since Pioneer has offered no authority, and the Court is aware of none, that would permit the Magistrate Judge assigned to this matter to opine on the intent or correctness of the District Court's order. In particular, under the law of the case doctrine "courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008).

In any event, "courts review operational judgments or orders, not statements in opinions." *Montalvo v. Hutchinson*, 837 F. Supp. 576, 582 (S.D.N.Y. 1993) (citing *Black v. Cutter Laboratories*, 351 U.S. 292, 297 (1956); *California v. Rooney*, 483 U.S. 307 (1987)). The Order issued by Judge Kahn was that the second claim in the Petition was dismissed. MDO at p. 2.

Moreover, the record is clear that Pioneer did not seek relief from Judge Kahn's decision by way of a motion for reconsideration which could have been made under this Court's Local Civil and Criminal Rules. *See* L.R. 60.1; L.R. Cr. P. 12.1(h). And while Pioneer relies on Federal Rule of Civil Procedure 60(a) as a basis to resolve the issues it now identifies with Judge Kahn's ruling, it also made no motion under that rule. Rule 15, governing amendments, serves different ends than Rule 60 and "the standards under [the two] are very different." *Malone v. Smith*, 2023 WL 2351694, at *3 (E.D. Pa. Mar. 3, 2023). Permitting amendment here would set the matter up for an inevitable motion to dismiss which would provide Pioneer an opportunity to convince Judge Kahn that his prior decision was incorrect, despite not having taken the earlier and more appropriate options for doing so.

Pioneer also maintains that leave to amend is appropriate following dismissal of Pioneer's claim on the theory that it should be afforded the opportunity to cure the defects identified by Judge Kahn. Pioneer Mem. of Law at p. 18 (citing *Meyer v. Seidel*, 89 F.4th 117 (2d Cir. 2023)). While leave to amend is generally freely given under Rule 15 "[t]he rule is not meant simply to give plaintiffs a second bite at the apple." *Read v. Corning Inc.*, 371 F. Supp. 3d 87, 90 (W.D.N.Y. 2019). That is particularly true because claims

of this type are somewhat unique. Forfeiture proceedings under section 853(n) "are intended to be expeditious." *United States v. Gordon*, 2005 WL 2759845, at *3 (S.D.N.Y. Oct. 19, 2005). For example, the section itself imposes a 30 day period for the filing of a claim. 21 U.S.C. § 853(n)(2), and many courts rely on that time limit alone to deny motions to amend. *See*, *e.g.*, *United States v. Sze*, 2024 WL 195468, at *12 (D.N.J. Jan. 18, 2024). The Second Circuit has held that deadline "is strict but not always fatal" and recognizes that there may be "limited circumstances" where amendment should be permitted for a party who "moves promptly to amend." *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 520 (2d Cir. 2023).

Such limited circumstances are not present here. It can hardly be said that Pioneer's motion was promptly made. It was made years after the original claim was filed, and almost seven months after Judge Kahn's MDO.[2] Cachet, by contrast, sought leave to amend just one moth after Judge Kahn's decision. The facts of *Swartz Family Trust* are also distinct from those here in significant ways. There, the Second Circuit found leave to amend warranted because the original claim had not made clear the precise nature of the theory being pursued and in that case the Government conceded that factual development was needed to fully address the claim lodged in that case. *United States v. Swartz Fam. Tr.*, 67 F.4th at 520. Neither is true here. Pioneer's legal claim was crystal clear in its original petition. And no party has claimed that the record was insufficient for Judge Kahn to address Pioneer's claims as originally presented. For those reasons, the

---

[2] In considering the timeliness of this Motion, the Court does not hold against Pioneer the time when the Motion to Dismiss its claim was pending as one would not have expected Pioneer to seek leave to amend during this time.

Court does not believe that the normal deferential opportunity to amend need be granted here.

It is significant to the Court that Pioneer did not raise the distinctions in Judge Kahn's ruling that it now raises at the first status conference held with the parties after it was rendered. Indeed, as noted, counsel for Pioneer conceded that the second claim had been dismissed. In addition, counsel stated "I don't think it's likely but it's possible that the -- the documents could allow us to amend our petition to reassert that claim that was knocked out." Dkt. No. 172 at p. 12. Pioneer has not established that new discovery provided by the Government has provided a basis for reasserting claim 2, instead arguing that claim 2 was never fully dismissed. For the reasons set forth above, this Court does not have the authority to reinsert a claim into this action that Judge Kahn dismissed.

### IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Pioneer's Motion to File an Amended Petition, Dkt. No. 192, is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated:   February 27, 2025
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge