IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL MANN,<br><br>          Defendant.<br><br>CACHET FINANCIAL SERVICES,<br><br>          Third-Party Claimant. | 1:20-CR-199 (LEK/DJS) |

## STIPULATED PROTECTIVE ORDER

Third-Party Claimant Cachet Financial Services ("Cachet") and the United States of America, having stipulated to this Protective Order Governing Confidentiality ("Protective Order") pursuant to Fed. R. Civ. P. 26(c), made applicable to this ancillary proceeding by Fed. R. Crim. P. 32.2(c)(1)(B), to expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, to protect the privacy rights of crime victims, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. **Production of Information by the Parties That May Be Subject to The Privacy Act, 5 U.S.C. § 552a, 18 U.S.C. § 3771(a)(8) or Other Privacy Protections.** Pursuant to their discovery obligations, the parties may produce information that reveals Personally Identifiable Information (PII) of individuals, including but not limited to crime victims. Crime victims' privacy is protected pursuant to 18 U.S.C. § 3771(a)(8). The parties may also produce other information believed to constitute or reveal confidential, non-public business or personal

information, or other information that implicates an individual's legitimate expectation of privacy, which may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a. Collectively, this information will hereinafter be referred to as Confidential Information. Parties shall produce Confidential Information in unredacted form and shall designate each document as Confidential Information in the manner set forth in paragraph 2, below. The parties receiving Confidential information, including their attorney(s) of record (including their attorneys' employees) may use Confidential Information only for purposes of the litigation. No party shall file these documents with the Court or reproduce their contents in any court filing unless the filing complies with L.R. 5.2 (Concerning Personal Privacy Protection) and L.R. 5.3 (Concerning Sealed Matters).

2. **Designation of Material Subject to this Protective Order.** To designate Confidential Information covered by this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, on an electronic media cover, or in an interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

3. **Confidential Information in Depositions.** Parties may show deponents Confidential Information that is subject to this protective order. However, reasonable efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the individual's name or other identifying information. If concealing Confidential Information is not practical, for example, if the deponent is being examined regarding a voluminous medical record, then the parties may state on the record that the entire deposition, or a part thereof, and any exhibits, are Confidential Information subject to the protective order. Alternatively, within 30 business days after

receiving a deposition transcript, a party may designate pages of the transcript (and exhibits thereto) as Confidential Information. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period described above, the entire deposition transcript and exhibits will be treated as subject to protection against disclosure under this Protective Order.

4. **Confidential Information in Open Court.** The procedures for use of designated Confidential Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, request the Court to submit such documents under seal, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and other identifying numbers associated with the names of individuals have been removed. No party shall disclose designated Confidential Information in open Court without prior consideration by the Court.

5. **Law Enforcement Carveout.** Notwithstanding ANY provision of this Order, this Order does not prohibit or otherwise restrict the United States from disclosing Confidential Information protected by this Order that may be relevant to any civil or criminal proceeding or investigation to any federal, state, or tribal agency with authority to enforce laws regulating any activity relating to the requested information. Any such federal, state, or tribal agency shall keep the information confidential only to the extent provided by law, and shall not be subject to this Order.

6. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

7. **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

Dated: August 29, 2025

| | |
|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE** | **CACHET FINANCIAL SERVICES** |
| By: _____<br>Michael Barnett<br>Christopher R. Moran<br>Assistant U.S. Attorneys<br>Bar Roll Nos. 519140, 700767<br><br>United States Attorney's Office<br>445 Broadway, Room 218<br>James T. Foley Courthouse<br>Albany, NY 12207-2924<br>(518)431-0247<br>michael.barnett@usdoj.gov<br>christopher.r.moran@usdoj.gov<br><br>*Counsel for the United States of America* | By: _____<br>Jay K. Musoff (NDNY Bar No. 512488)<br>345 Park Avenue<br>New York, New York 10154<br>Tel.: (212) 407-4212<br>Jmusoff@loeb.com<br><br>Matthew C. Anderson (NDNY Bar No. 701311)<br>10100 Santa Monica Boulevard, Suite 2200<br>Los Angeles, California 90067<br>(310) 282-2000<br>mcanderson@loeb.com<br><br>*Counsel for Cachet Financial Services* |

SO ORDERED:

_____
Hon. Daniel J. Stewart
U.S. Magistrate Judge

Dated: 9/2/2025